UNITED STATES of America,
Appellee,

v.

John CYRUS, aka Mac JC Daddy,
Defendant–Appellant.

No. 00–1683.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2001.

**20**

David A. Lewis, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY, for appellant.

Cynthia Monaco, Assistant United States Attorney; Susan Corkery, Assistant United States Attorney, on the brief, New York, NY, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, for appellee.

Present FEINBERG, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Raymond J. Dearie, *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED.

Defendant-appellant John Cyrus appeals from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*), convicting him of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to fifteen years' imprisonment pursuant to 18 U.S.C. § 924(e). The sole count of the April 16, 1998 indictment charged defendant with knowingly and intentionally possessing handguns and ammunition, in violation of 18 U.S.C. § 922(g)(1). The jury returned a verdict of guilty without being charged to find either that defendant had three prior convictions or to determine whether the convictions arose from crimes committed on separate occasions.

Had defendant not been found to be a three-time offender under § 924(e), he would have been subject to the statutory maximum prison term of ten years under § 924(a)(2). However, the Pre Sentence Report recommended that because the defendant had three prior convictions, he was subject to an enhanced sentence under the provisions of § 924(e) and a mandatory minimum sentence of 180 months' imprisonment (15 years). Defense counsel objected to the application of § 924(e), arguing that two of defendant's crimes were committed only a few hours and a few blocks apart and therefore constituted a single criminal episode. The district judge, however, found that the crimes constituted separate convictions committed on different occasions and, pursuant to § 924(e), sentenced defendant accordingly.

Defendant claims on appeal that in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because § 924(e) raises the statutory maximum penalty above that available under § 922(g) alone, the predicate facts under § 924(e) that the defendant have "three previous convictions" and that those convictions be "committed on occasions different from one another" form elements of a separate, aggravated offense which must therefore be charged in an indictment and found by a jury beyond a reasonable doubt.[1]

---

1. We note that the defendant does not challenge on appeal the district court's determination that § 924(e)'s requirements were met, but rather the fact that it was the judge, and not the jury, who made that determination (and that it was not charged in the indictment).

Appellant's argument fails for the reasons stated in our published opinion issued today in *United States v. Santiago* (98–1674). As we hold in *Santiago*, both the fact that the defendant has three prior convictions, and the fact that they were committed on separate occasions, are sentencing factors to be determined by a judge, not elements of a crime. Therefore, they need not be charged in an indictment and found by a jury beyond a reasonable doubt. The district court thus acted properly in sentencing defendant to the fifteen-year minimum term under § 924(e). Accordingly, the judgment and sentence of the district court are hereby AFFIRMED.